IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA (ERIE)

| | | |
|---|---|---|
| INGRAM MICRO, INC. | * | |
| Plaintiff(s) | | |
| | * | |
| vs. | | Civil Action No.   JFM-14-101 |
| | * | |
| THERA FREEMAN, ET AL. | * | |
| Defendant(s) | | |

******

MEMORANDUM

Defendant, Thera Freeman, has filed a motion to set aside entry of default. The motion will be denied.

In deciding whether to set aside a default, a court is to consider (1) whether setting aside the default would prejudice the plaintiff, (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of defendant's culpable conduct. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). Here, assuming that the plaintiff would not be prejudiced by setting aside the default, it is clear that the default was the result of defendant's culpable conduct and that she has not prevented a meritorious defense. As to the "culpable conduct" issue, defense counsel was in contact with plaintiff's counsel before the default was entered, and defendant simply paid no attention to the case. As to the "meritorious defense" issue, the fact is that whether or not David Freeman committed any fraud as to plaintiff, plaintiff nevertheless is liable to defendant for the goods purchased by Priority Computer Systems, d/b/a Erie Computer, of which defendant was the sole proprietor.

A separate order effecting the ruling made in this memorandum is being entered herewith.

Date:  <u>August 28, 2014</u>                    <u>/s/ J. Frederick Motz</u>
                                                J. Frederick Motz
                                                United States District Judge